I respectfully dissent from the majority decision to reverse the Deputy Commissioner's Opinion and Award.
First, there is no conclusive medical evidence that plaintiff suffers from asbestosis, as found by the majority. The closest statement is that of Dr. Clifton D. Young, who states that plaintiff has "changes of pulmonary fibrosis and pleural plaques consistent with the diagnosis of asbestosis." When questioned, Dr. Young stated that he used the phrase "consistent with" because there was not enough evidence to be definitive. The medical evidence provided by two other physicians in this case, Drs. Andrew J. Ghio and Robert Rostrand, definitively limit plaintiff's condition to pleural plaques. The Full Commission has repeatedly held that pleural plaques do not constitute asbestosis. See Gantv. Duckworth Elec. Co., Inc., (I.C. No. 134182, filed 24 June 1996; Hodges v. E.I. Dupont De Nemours Co., (I.C. No. 221748, filed 17 September 1996); Pridgen v. E.I. Dupont De Nemours Co., (I.C. No. 132426, filed 23 March 1998).
Having presented no evidence that plaintiff has asbestosis, the remaining question is whether plaintiff's pleural plaques constitute an occupational disease under N.C. Gen. Stat. § 97-52, which provides that an employee's disablement or death resulting from an occupational disease "shall be treated as the happening of an injury by accident" as defined by the Act. N.C. Gen. Stat. § 97-53 enumerates the diseases which are deemed occupational diseases within the meaning of the Act. As pleural plaques are not specifically mentioned in the statute, plaintiff must proceed under Subsection (13), which provides grounds for a claim for "[a]ny disease . . . which is proven to be due to causes and conditions which are characteristic of and peculiar to a particular trade, occupation or employment, but excluding all ordinary diseases of life to which the general public is equally exposed outside of the employment."
The Commission has held in Hodges, that "the formation of pleural plaques does not constitute an occupational disease under N.C. Gen. Stat. § 97-53(13)." However, in Pridgen, the Full Commission awarded benefits pursuant to the statute to the plaintiff who demonstrated the existence of pleural plaques. Whether pleural plaques may or may not constitute an occupational disease has not as yet been addressed by the appellate courts. Assuming arguendo that the condition may be compensable under the statute, the following analysis is required.
First, plaintiff must satisfy the following elements:
 (1) The disease is "characteristic of and peculiar to a particular trade or profession";
 (2) The disease is not an ordinary disease to which the general public is equally exposed; and
 (3) Exposure to a hazard in employment contributed to or was a significant causal factor, in the development of the disease.
Booker v. Medical Center, 297 N.C. 458, 472-73, 256 S.E.2d 189,198-200 (1979).
The evidence presented in this case fails to demonstrate the third element required by Booker. The exposure of plaintiff to asbestos fibers while at defendant-employer is, by his own testimony, limited to (1) his use of asbestos gloves, and (2) to the insulating wrap which was used on pipes (and the resulting ash following stress-relief heating). Witness Michael Valentine, the senior welding engineer for defendant-employer, discounted the possible use of asbestos wrap on the pipes as being counter-productive to the job, and attributed the ash plaintiff referred to as the result of protective coating on the pipes being burned off. Regarding the gloves, there is no documentation that wearing asbestos gloves might expose a worker to respirable asbestos, and Mr. Valentine testified that the gloves were no longer in use when he arrived at defendant-employer in 1974. Therefore, even if plaintiff's shortness of breath is attributable to his pleural plaques which in turn are the result of asbestos exposure, there is no evidence to demonstrate that the exposure occurred while plaintiff worked for defendant-employer. His history is one of constant, long-term exposure to asbestos from the 1940s to 1969 in prior employment. At defendant-employer's workplace, his only direct exposure was from wearing asbestos gloves. Any exposure to asbestos wrapping dust is questionable, according to Michael Valentine. Even if true, plaintiff's own testimony is that he never worked in the area where stress-relief was practiced.
Assuming without finding that in the instant case plaintiff has met his burden and established that he has an occupational disease by fulfilling the requirements as set out inBooker, it remains for plaintiff to demonstrate by the greater weight of the evidence that a disability resulted. N.C. Gen. Stat. § 97-2(9) defines "Disability" as an "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." In order to support a conclusion of disability, evidence must be presented (1) that the claimant was incapable after his injury of earning the same wages as were earned prior to the injury in the same employment; (2) that the claimant was incapable after his injury of earning the same wages as were earned before the injury in any other employment, and (3) that the claimant's incapacity to earn wages was caused by the claimant's injury. Hilliard v. ApexCabinet Co., 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982).
There is no evidence in the record of this case that plaintiff has suffered a disability. Plaintiff's sole medical complaint is that he has experienced some shortness of breath, which may be attributable to his cigarette smoking, cardiovascular problems, and weight gain. Further, it is noted that plaintiff continued to work at various physical labor jobs for fourteen years after leaving defendant-employer without complaint of disability, and only stopped working when he reached retirement age of sixty-five.
For these reasons, the undersigned contends (1) that the medical evidence does not support a finding that plaintiff suffers from asbestosis; (2) that plaintiff has failed to show by the greater weight of the evidence that he was exposed to asbestos while in the employ of defendant-employer; and (3) that plaintiff has failed to demonstrate any disability resulting from his employment with defendant-employer. Accordingly, the undersigned would vote to affirm the Opinion and Award of the Deputy Commissioner.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER